IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-17-195-D |
| RALPH ALLAN LEE SHORTEY, | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on the United States' Unopposed[1] Motion to Appoint a Guardian Ad Litem for John Doe ("Doe"), the child sex trafficking victim identified in the Indictment, pursuant to 18 U.S.C. § 3509(h). For the reasons set forth herein and upon a sufficient showing of good cause, the Court GRANTS the motion.

Pursuant to 18 U.S.C. § 3509(h)(1), the Court "may appoint, and provide reasonable compensation and payment of expenses for, a guardian ad litem for a child who was a victim of … a crime involving abuse or exploitation to protect the best interests of the child." Once appointed, the guardian ad litem "may attend all depositions, hearings, and trial proceedings in which a child participates, and make recommendations to the court concerning the welfare of the child." 18 U.S.C. § 3509(h)(2). Further, a guardian ad litem

---

[1] Counsel for the United States communicated via e-mail correspondence to the Court on May 2, 2018. Attached to the e-mail was a screenshot of a text message exchange between counsel for the United States and counsel for Defendant, in which Defendant's counsel indicated he had no objection to the motion.

shall "effectively advocate for the child" and "marshal and coordinate the delivery of resources and special services to a child." *Id.*

A "child" is defined by 18 U.S.C. § 3509(a)(2)(A) as "a person who is under the age of 18, who is or is alleged to be a victim of a crime of physical abuse, sexual abuse, or exploitation." Although Doe is now 18, the United States requests the appointment of a guardian ad litem to represent him at the sentencing hearing, to advise him of his rights, and to coordinate necessary resources and services. In particular, the United States recognizes the need of a guardian ad litem to advocate on Doe's behalf regarding restitution.

The offense of conviction occurred when Doe was 17 years old. It appears from evidence in the record that Defendant and Doe met when Doe was 16. Protections similar to those requested by the United States have been granted in other cases involving alleged sex trafficking in this district and outside of this district. *See e.g., United States v. Gum, et al.,* No. CR-15-126-C [Doc. No. 111] (W.D. Okla. Nov. 17, 2015) (allowing a guardian ad litem to represent a child sex trafficking victim after she had turned 18 because the offense occurred while the victim was under the age of 18); *United States v. Gardner*, No. CR-16-20135, 2016 WL 5404207, at *5-6 (E.D. Mich. Sept. 28, 2016) (ruling the victim's identity should be protected where the victim was 17 at the time of the alleged offense and 18 at the time of trial); *United States v. Harris*, No. CR-14-76, 2016 WL 3190482, at *1 (E.D. Va. June 6, 2016) (finding inherent authority under the First Amendment to protect witnesses' identities who were no longer under the age of 18 at the time of their testimony); *United States v. Paris*, No. CR-06-64, 2007 WL 1484974, at *2 (D. Conn. May 18, 2007).

In *Paris*, the court noted that "[w]hile the Minors are no longer children, 18 U.S.C. § 3509(d)(3), which authorizes courts to protect information about the identities of minor victims of sex crimes, highlights the public interest in protecting young victims of sex crimes." *Paris*, 2007 WL 1484974, at *2, n. 2. Both the adult and minor victims in *Paris* were permitted to testify using their first name and first initial of their last names to protect their identities. *Id.* at 2.

Similarly, in *Gardner*, the court found persuasive the precedent allowing protections for victims of sex crimes, who were minors at the time of the alleged crime but were over 18 at the time of testimony. *Gardner*, 2016 WL 5404207, at *6 (citing additional cases).

The United States asserts that an extension of § 3509 rights to a victim who is now 18, but was under 18 when the offense occurred, is consistent with the definition of a "juvenile" under the Juvenile Delinquency Act, 18 U.S.C. § 5031, et seq. Federal law defines a "juvenile" as a person who commits an offense prior to his eighteenth birthday and has not attained the age of 21. 18 U.S.C. § 5031. A juvenile defendant is granted additional rights, including the sealing of court proceedings and records, a 30-day speedy trial clock, and segregation from adult detainees. *See* 18 U.S.C. §§ 5036, 5038, 5039.

Accordingly, the Court finds that appointment of a guardian ad litem to Doe in this case is consistent with the narrow precedent, outlined above, extending § 3509 rights to child victims who attain the age of 18 during the prosecution, and the definition of a "juvenile" under § 5031. Further, Defendant does not object to such appointment.

IT IS HEREBY ORDERED that LeAnne Burnett is appointed as guardian ad litem for Doe, the child victim identified in the Indictment, pursuant to 18 U.S.C. § 3509(h). The

guardian ad litem is appointed to protect the best interests of Doe, to attend all depositions, hearings, and trial proceedings in which Doe participates, and to make recommendations to the Court concerning the welfare of Doe. Further, the guardian ad litem is appointed to advocate for Doe, and to marshal and coordinate the delivery of resources and special services to Doe.

IT IS FURTHER ORDERED that the guardian ad litem may submit invoices for reasonable compensation and payment of expenses to the Court.

IT IS SO ORDERED this 7th day of May 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE